STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: sforman@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC
(DOE 1)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAZHON DEMAR DURANT SR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC., a North Carolina Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br>[*San Bernardino County Case No.: Case No.*: CIVSB2406731]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**<br><br>Complaint Filed: April 2, 2024 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC ("Defendant"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of San Bernardino, to the United States District Court, Central District of California. The removal is based, specifically, on the following grounds.

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because

it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3. On April 2, 2024, Plaintiff VAZHON DEMAR DURANT SR. commenced the above-entitled civil action in the Superior Court for the County of San Bernardino, by filing a Complaint therein entitled *Vazhon Demar Durant Sr. v. Lowe's Companies, Inc.; and Does 1 through 100, inclusive,* Case No. CIVSB2406731. True and correct copies of the following documents filed in this matter are attached hereto as **Exhibit "A":**

    a. Summons;
    b. Complaint for Damages;
    c. Civil Case Cover Sheet;
    d. Certificate of Assignment;
    e. Notice of Trial Setting Conference and Notice of Case Assignment.

4. On or about May 9, 2024, Plaintiff filed an Amendment to Complaint with the Superior Court naming LOWE'S HOME CENTERS, LLC as defendant Doe 1. A true and correct copy of the Amendment to Complaint filed by Plaintiff on or about May 9, 2024 is attached hereto as **Exhibit "B."**

5. On May 9, 2024, Plaintiff electronically served the documents comprising **Exhibits "A"** and **"B"** on counsel for defendant LOWE'S HOME CENTERS, LLC who were authorized to accept service on its behalf.

6. On May 24, 2024, Defendant LOWE'S HOME CENTERS, LLC, served and filed its Answer to Complaint and Demand for Trial by Jury in the Superior Court. True and correct copies of Defendant's Answer to Complaint and Demand for Trial are attached hereto as **Exhibit "C."**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

7. On April 3, 2024, Plaintiff served the documents comprising Exhibit "A" on Lowe's Companies, Inc.  A true and correct copy of the Proof of Service on file with the Superior Court is attached hereto as **Exhibit "D."**

8. The attached exhibits constitute all process, pleadings, and orders in the state court case.

## DIVERSITY

### A. Citizenship

9. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

10. Plaintiff was, at the time of the filing of this action, and presently remains, domiciled in the State of California and is therefore a citizen of the State of California.

11. Defendant LOWE'S HOME CENTERS, LLC is a limited liability company.  The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Defendant Lowe's Home Centers, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc.  Lowe's Companies, Inc. is a publicly traded North Carolina corporation with its principal place of business in North Carolina.  Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.

12. Named defendant Lowe's Companies, Inc. is a publicly traded North Carolina corporation with its principal place of business in North Carolina.  Defendant Lowe's Companies, Inc. is, therefore, a citizen of the State of North Carolina. Defendant Lowe's Companies, Inc. does not own, operate, manage or control the premises where Plaintiff alleges that he was injured and cannot, thus, be liable to

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

plaintiff under any theory. Lowe's Companies, Inc. is fraudulently joined as a defendant in this case.

13. Therefore, complete diversity of citizenship exists as between Plaintiff VAZHON DEMAR DURANT SR. and defendant LOWE'S HOME CENTERS, LLC and improperly joined defendant Lowe's Companies, Inc., and all other defendants must be disregarded for diversity purposes.

### B. Fictitious Does

14. Defendants DOES 1 through 100, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

### C. Consent to Removal

15. Named defendant Lowe's Companies, Inc. is not registered with the California Secretary of State to do business in California, and maintains no designated agent for service of process in California. Lowe's Companies, Inc., maintains no regular place of business in California.

16. Moreover, because the store in which the incident giving rise to this litigation, and in fact all Lowe's retail stores in California, are wholly owned and operated by a separate corporate entity, defendant LOWE'S HOME CENTERS, LLC, Lowe's Companies, Inc. is not properly joined as a defendant in this action and cannot be found liable to plaintiff on any ground. Therefore, Lowe's Companies, Inc.'s consent to or joinder in the removal is not required by 28 U.S.C. § 1446(b)(2)(A).

17. However, because named defendant Lowe's Companies, Inc. was properly served (**Exhibit "D"**), it consents to the removal of this matter without

consenting to the jurisdiction of this court.

18. Prior to removal, Plaintiff's counsel agreed that after the correct defendant entity, LOWE'S HOME CENTERS, LLC, had appeared in the action, Plaintiff would propound discovery to confirm that it owns, operates, manages and controls the retail store in which Plaintiff alleges he was injured, after which he would dismiss the improperly named defendant, Lowe's Companies, Inc., and provided an extension of time for Lowe's Companies, Inc.'s responsive pleading in the Superior Court to July 17, 2024, so that this issue could be addressed.

## AMOUNT IN CONTROVERSY

19. Plaintiff's Complaint sets forth a cause of action for negligence. *See*, **Exhibit "A."** Plaintiff alleges that on August 23, 2022, he was on the premises of Defendant's retail store for the purpose of purchasing goods. He contends that he slipped and fell due to a liquid substance on the floor that was not open and obvious. Although Plaintiff was prohibited from stating a specific amount demanded in his Complaint, Defendant has been able to ascertain through "other paper" that the amount in controversy exceeds $75,000.00.[1]

20. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1996); *see*, *McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See*, *Cal. Code Civ. Proc.* § 425.10.

- 5 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also*, *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

21. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

22. On or about May 9, 2024, Plaintiff served on Defendant LOWE'S HOME CENTERS, LLC his Statement of Damages pursuant to California *Code of Civil Procedure* § 452.11. The Statement of Damages established for the first time that the amount in controversy in this litigation exceeds the $75,000 statutory minimum. A true and correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit "E."**

23. Plaintiff's Statement of Damages alleges that he is seeking $100,000 in special damages and $300,000 in general damages. *Ibid*. Thus, the amount in controversy exceeds the $75,000 statutory minimum and federal jurisdiction is proper.

24. 28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. A statement of damages under California Code of Civil Procedure section 425.11, is a written statement setting forth the nature and amount of damages being sought, and constitutes "other paper" under section

1446(b)(3). See *Hanson v. Equilon Enterprises LLC* (N.D.Cal. 2014) 2014 U.S. Dist. LEXIS 110795, *9 (finding statement of damages served on defendant by plaintiffs constituted "other paper").

25. The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

26. Plaintiff's Statement of Damages constitutes "other paper" and satisfies the amount in controversy requirement. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

27. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after Defendant LOWE'S HOME CENTERS, LLC was served with the Summons and Complaint and Plaintiff's Statement of Damages which first indicated that the matter is removable. 28 U.S.C. § 1446(b)(1). As stated above, the Complaint was served on Defendant LOWE'S HOME CENTERS, LLC on May 6, 2024.

28. Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed his Complaint on April 2, 2024.

///
///
///
///
///

29. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: June 7, 2024                                                      THARPE & HOWELL, LLP

By: _____
STEPHANIE FORMAN
ANDREA BREUER
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC
(DOE 1)

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Soheil Bahari, Esq.<br>William Graves, Esq.<br>**LYFE LAW, LLP**<br>864 S. Robertson Blvd., 3rd Floor<br>Los Angeles, California 90035<br>(888) 203-1422; Fax: (888) 203-1424<br>SoheilB@Lyfe.com<br>WilliamG@Lyfe.com<br>EvelynM@Lyfe.com<br>VazhonDurant22167@lyfe.filevineapp.com | Attorneys for Plaintiff,<br>VAZHON DEMAR DURANT SR. |
|---|---|

5. a. **X** **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 6/7/24 | Amy Eivazian | *(signature)* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\34000-000\34689\Pleadings\FEDERAL\Ntc of Removal.docx