# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
APR 02 2024
BY ABRIANNA RODRIGUEZ, DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
LOWE'S COMPANIES, INC., a North Carolina Corporation; and DOES 1 through 100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
VAZHON DEMAR DURANT SR., an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino - Victorville District
14455 Civic Dr., Victorville, CA 92392

CASE NUMBER:
*(Número del Caso):* CIVSB 2406731

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SOHEIL BAHARI (SBN: 297162) 864 S Robertson Blvd, 3rd Floor Los Angeles, CA 90035

DATE: APR 02 2024 Clerk, by Abrianna Rodriguez, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]
COPY

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: LOWE'S COMPANIES, INC., a North Carolina Corporation

   under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

SOHEIL BAHARI, ESQ. (BAR NO. 297162)
WILLIAM GRAVES, ESQ. (BAR NO. 347534)
**LYFE LAW, LLP**
864 S. Robertson Blvd., 3rd Floor
Los Angeles, California 90035
Telephone: (888) 203-1422
Facsimile: (888) 203-1424
Email: SoheilB@Lyfe.com
Email: WilliamG@Lyfe.com

Attorneys for Plaintiff
VAZHON DEMAR DURANT SR.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
APR 02 2024
BY ABRIANNA RODRIGUEZ, DEPUTY

LyfeLaw

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO – UNLIMITED**

VAZHON DEMAR DURANT SR., an individual,

Plaintiff,

vs.

LOWE'S COMPANIES, INC., a North Carolina Corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No. CIV SB 2406731

**COMPLAINT FOR DAMAGES**

1. Premises Liability
2. General Negligence

**[DEMAND FOR JURY TRIAL]**

Plaintiff VAZHON DEMAR DURANT SR. alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff VAZHON DEMAR DURANT SR. (hereinafter referred to as "Plaintiff"), is, and at all times hereinafter mentioned was, an individual residing in the County of Riverside, State of California.

2. Defendant LOWE'S COMPANIES, INC., (hereinafter referred to as "Defendant LOWES") is, and at all times hereinafter mentioned was, a North Carolina Corporation doing business in in the County of San Bernardino, State of California. Jurisdiction in this court is proper pursuant to California *Code of Civil Procedure* 410.10 because Defendants do business in, purposefully avail themselves of, or otherwise reside within the State of California. Defendants are, and at all times herein mentioned were, the owners and/or managers of a

certain property located at 14333 Bear Valley Rd, Victorville, CA 92392 (hereinafter referred to as "PREMISES").

3. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants, DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said defendant by such fictitious names, and Plaintiff will ask leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that each of the defendants designated herein as a DOE is negligently responsible in some manner for the events and happenings herein alleged.

4. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned defendants, and each of them, were acting on their own behalf and as the agents, employees and representatives of each other and of DOES 1 through 100, inclusive, (collectively referred to hereinafter as "Defendants") and were and are at all times relevant hereto acting within the scope and authority of such agency and employment and with the knowledge, consent, approval and ratification of each of the named defendants and of DOES 1 through 100, inclusive.

5. Venue in this Court is proper in that the cause of action occurred within this district, and/or at least one defendant resides in this judicial district.

6. Jurisdiction in this court is proper in that the principal amount in controversy is in excess of $25,000.00.

**FIRST CAUSE OF ACTION**

**PREMISES LIABILITY – AGAINST ALL DEFENDANTS**

7. Plaintiff incorporates herein by reference paragraphs 1 through 6, inclusive, as if fully set forth herein and with the same force and effect.

8. At all times mentioned herein, Defendant and/or DOES 1 through 100, inclusive, owned, maintained, controlled, managed, and operated the PREMISES.

9. On or about August 23, 2022, Plaintiff was lawfully within the PREMISES. Specifically, Plaintiff was shopping at the PREMISES when Plaintiff slipped and fell onto the

LyfeLaw

floor caused by a dangerous condition, particularly liquid substance on the floor that was not open and obvious to Plaintiff.

10. At the aforementioned time and place, Defendants, and each of them, inadequately and negligently maintained, repaired, managed, controlled, and owned, the PREMISES. Defendants and each of them, by virtue of their ownership, control, management, manufacture, design, assembly, sale, delivery, repair and/or maintenance of the PREMISES, owed a duty of care to Plaintiff who would foreseeably be on and use the PREMISES.

11. Defendants, and each of them, breached said duty by negligently controlling and/or maintaining the PREMISES, by failing to keep the PREMISES in good order, by negligently failing to take steps including but not limited to making reasonable inspections of the PREMISES to either make the condition safe or warn Plaintiff of the dangerous condition of said PREMISES, all of which caused Plaintiff to be injured, causing Plaintiff to suffer the injuries and damages hereinafter described.

12. As a proximate result of the negligence of Defendants, and each of them, Plaintiff was hurt and injured in Plaintiff's health, strength, and activity, sustaining injuries to said person, all of which injuries have caused, and continue to cause Plaintiff mental, physical and nervous pain and suffering. Plaintiff is informed, believes, and thereon alleges that such injuries have and will result in some temporary and/or permanent disability to Plaintiff. As a result of such injuries, Plaintiff suffered general damages in an amount according to proof.

13. As a further direct and proximate result of Defendants', and each of their, negligence, carelessness, recklessness and unlawful conduct thereby caused, as aforesaid, requiring Plaintiff to obtain medical services, past, present and future; Plaintiff has suffered loss of income and earnings, past, present and future; evidence of all of which Plaintiff will present at the time of trial and will amend this Complaint to conform to the proof if required to do so.

14. As a proximate result of the negligence of Defendants, and each of them, Plaintiff suffered from emotional distress and other mental injuries. As a result of such distress and mental injuries, Plaintiff has suffered general damages in an amount according to proof but in

LyfeLaw

excess of the jurisdictional amount.

**SECOND CAUSE OF ACTION**

**GENERAL NEGLIGENCE – AGAINST ALL DEFENDANTS**

15. Plaintiff incorporates herein by reference paragraphs 1 through 14, inclusive, as if fully set forth herein and with the same force and effect.

16. Plaintiff is informed, believes, and hereon alleges that Plaintiff was further injured due to negligent acts or omissions by agents, representatives, or employees of Defendants, and each of them.

17. Plaintiff is informed, believes, and hereon alleges that at all relevant times, Defendants, and each of them, owed Plaintiff a legal duty and/or duties. Plaintiff is further informed and believes that Defendants, and each of them, breached said duty and/or duties.

18. As a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff physical, mental and nervous pain, suffering and anguish, all to Plaintiff's general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

19. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was required to, and did, employ physicians, surgeons, and other health care practitioners to examine, treat and care for Plaintiff, and did incur medical and incidental expenses. The exact amount of such expenses is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

20. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff sustained loss of earnings and earning capacity. The exact amount of such loss is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

///

LyfeLaw

**REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all claims for relief alleged in, and on all issues raised by, this Complaint.

**PRAYER**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For an award of Plaintiff's general, special, actual and compensatory damages as proven at time of trial;

2. For lost earnings and earning capacity, past and future, according to proof;

3. For an award of the costs incurred by Plaintiff in bringing and maintaining this action; as well as

4. For such other and further relief which this Court deems just and proper.

DATED: February 29, 2024

**LYFE LAW, LLP**

By: [signature]

SOHEIL BAHARI
WILLIAM GRAVES
Attorneys for Plaintiff
VAZHON DEMAR DURANT SR.

LyfeLaw

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*): | FOR COURT USE ONLY |
|---|---|
| SOHEIL BAHARI (SBN: 297162)<br>Lyfe Law, LLP<br>864 S. Robertson Blvd, 3rd Floor, Los Angeles, CA 90035<br>TELEPHONE NO.: 888-203-1422 FAX NO.: 888-203-1424<br>ATTORNEY FOR (*Name*): Vazhon Demar Sr Durant | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>APR 02 2024<br>BY [signature]<br>ABRIANNA RODRIGUEZ, DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO<br>STREET ADDRESS: 14455 Civic Drive<br>MAILING ADDRESS: 14455 Civic Drive<br>CITY AND ZIP CODE: Victorville 92392<br>BRANCH NAME: Victorville District | |
| CASE NAME:<br>VAZHON DEMAR DURANT SR v. LOWE'S COMPANIES, INC. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV SB 2406731 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (*not specified above*) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (*specify*): 2: Premises Liability; General Negligence
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 2/29/2024

SOHEIL BAHARI (SBN: 297162)
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition


COPY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

Vazhon Demar Sr Durant

vs.

Lowe's Companies, Inc., et al.

Case No.: CIV SB 2406731

**CERTIFICATE OF ASSIGNMENT**

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Victorville District of the Superior Court under Rule131 and General Order of this court for the checked reason:

[■] General [ ] Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| [ ] | 1. Adoption | Petitioner resides within the district |
| [ ] | 2. Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. Contract | Performance in the district is expressly provided for. |
| [ ] | 4. Equity | The cause of action arose within the district. |
| [ ] | 5. Eminent Domain | The property is located within the district. |
| [ ] | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. Mandate | The defendant functions wholly within the district. |
| [ ] | 10. Name Change | The petitioner resides within the district. |
| [X] | 11. Personal Injury | The injury occurred within the district. |
| [ ] | 12. Personal Property | The property is located within the district. |
| [ ] | 13. Probate | Decedent resided or resides within or had property within the district. |
| [ ] | 14. Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. Review | The defendant functions wholly within the district. |
| [ ] | 16. Title to Real Property | The property is located within the district. |
| [ ] | 17. Transferred Action | The lower court is located within the district. |
| [ ] | 18. Unlawful Detainer | The property is located within the district. |
| [ ] | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20. Other ______ | ______ |
| [ ] | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Lowe's Hardware Store — NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR
14333 Bear Valley Rd — ADDRESS

Victorville — CITY
CA — STATE
92392 — ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 2/29/2024 at Los Angeles, California.

*Signature of Attorney/Party*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Durant, Sr. -v- Lowe's Companies, Inc. et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2406731 |

Lyfe Law, LLP
864 S Robertson Bl 3rd Fl
Los Angeles CA 90035

This case has been assigned to: Carlos Cabrera in Department S24 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 10/02/2024 at 8:30 AM in Department S24 - SBJC

Date: 4/2/2024

By: ______________________
Abrianna Rodriguez, Deputy Clerk

---

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☒ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 4/2/2024

I declare under penalty of perjury that the forgoing is true and correct. Executed on 4/2/2024 at San Bernardino, CA.

By: ______________________
Abrianna Rodriguez, Deputy Clerk